456 So.2d 750 (1984)
INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY
v.
CURTIS MATHES MANUFACTURING COMPANY & Bill Huff d/b/a Wink Radio & T.V. Service.
No. 55025.
Supreme Court of Mississippi.
September 12, 1984.
*751 Stephen L. Beach, Beach, Luckett & Ross, George M. Arthur, Jackson, for appellant.
Thomas M. Murphree, Jr., Watkins & Eager, John H. Downey, Downey & Brown, Jackson, for appellee.
Before BOWLING, DAN M. LEE and PRATHER, JJ., and SUGG, Retired Supreme Court Justice.
*752 SUGG, Retired Supreme Court Justice, for the court:[1]
Three questions are presented by this appeal.
I. Did the trial judge abuse his discretion when he entered a final judgment and certified it under Rule 54(b) for one defendant in an action against multiple defendants?
II. Did the trial judge err when he held that the suit against Huff was barred by the six year statute of limitations, Section 15-1-49, Mississippi Code Annotated (1972)?
III. When final judgment was not entered as to one defendant in a multiple party action, should the appeal be dismissed as to such defendant?

I.
On May 4, 1983, Indiana Lumbermens Mutual Insurance Company (hereafter ILM) filed suit in the Circuit Court of the First Judicial District of Hinds County against Curtis Mathes and Bill Huff. On May 9, Huff filed his answer and asserted as his first defense that plaintiff's cause of action was barred by the six year statute of limitations. On the same day Huff filed a motion for judgment on the pleadings and dismissal of the defendant. After due notice Circuit Judge Reuben Anderson rendered judgment as follows:
This cause this day came on for hearing on the motion of the Defendant Bill Huff seeking judgment on the pleadings and dismissal of said Defendant; and the Court, having heard and considered said motion and argument of counsel, is of the opinion that this action is barred by the applicable Statute of Limitations and that the Defendant Bill Huff is entitled to be finally dismissed, and the Court determining that there is no just reason for delay and being of the opinion that said Defendant is entitled to final judgment at this time;
IT IS THEREFORE ORDERED AND ADJUDGED that the Defendant Bill Huff be, and he is hereby, finally dismissed with his costs, that final judgment is hereby rendered in favor of the Defendant Bill Huff as provided by Rule 54(b), Mississippi Rules of Civil Procedure, and that the Plaintiff do have and recover nothing of or from the Defendant Bill Huff by this suit.
The final judgment was rendered under the provisions of Rule 54(b), Mississippi Rules of Civil Procedure, which is the same as Federal Rule 54(b). The Rule provides:
(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
In cases involving multiple parties, a trial judge is authorized to enter a final judgment when it terminates the case as to one or more of the parties. When a trial judge makes an expressed determination that there is no just reason for delay and enters a final judgment, that judgment is released for appellate consideration. 10 Wright & Miller, § 2659, p. 97. This authority should be exercised cautiously in *753 the interest of sound judicial administration in order to preserve the established judicial policy against piecemeal appeals. Curtiss-Wright Corporation v. General Electric Company, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1, 11 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 438, 76 S.Ct. 895, 899, 901, 100 L.Ed. 1297 (1956); Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 450, n. 5, 76 S.Ct. 904, 907, n. 5, 100 L.Ed. 1311 (1956).
In Sears, Roebuck & Co., supra, the court described the district court as a dispatcher and said it was permitted to determine, in the first instance, the appropriate time when each final decision upon "one or more but less than all" of the claims in a multiple claims action is ready for appeal. It has also held that because of the trial court's familiarity with the case, this decision rests in the discretion of the district judge. However, the trial court's order is always subject to reversal for an abuse of discretion. Curtiss-Wright Corporation, supra. Although these cases involve multiple claims, the principle applies to multiple party cases.
The term "certification" does not appear in the rule, but is used in cases, comments and treatises discussing Rule 54 and sometimes creates the inference that certification requires a separate order by a trial judge. Certification may be by a separate order, but a final judgment is certified and released for appeal in the sound discretion of the trial judge "upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment." The final judgment in this case meets the requirements of Rule 54(b) for "certification."
On appeal, a 54(b) final judgment may be reviewed and reversed if this Court finds the trial judge abused his discretion in entering the final judgment. We now look at the facts of the case under consideration to determine if the trial judge abused his discretion by holding there was no just reason for delay and Huff was entitled to a final judgment.
ILM alleged that Luther and Bertha Beall sent their television set to Huff on November 19, 1976, to be repaired. When the set was returned to them on December 1, 1976, it caught fire and damaged the Bealls' house. The Bealls' insurer, ILM, paid a fire loss of $12,890.53 on January 31, 1977. On October 31, 1977, the Bealls executed a release and subrogation receipt to ILM which filed its complaint on May 4, 1983.
ILM alleged that the television set was purchased October 7, 1970, by the Bealls from the House of Television & Appliances, not from Huff who repaired it. ILM sought recovery from Huff alleging Huff was negligent for failing to use reasonable care in repairing the television set.
The case against Curtis Mathes is on entirely different grounds. The negligence charges against Curtis Mathes are the usual charges present in products liability cases; namely, negligence in the design, manufacture and testing of the set, failure to warn, and breach of warranty. The charges of negligence against the two defendants are on different theories and are unrelated. When the trial judge granted Huff's motion for judgment on the pleadings under Rule 12(c), there was no reason for Huff to be kept in the case. We hold the trial judge correctly entered final judgment and certified the case as authorized by Rule 54(b).

II.
The second question presented by this appeal is whether the suit against Huff was barred by the six year statute of limitations, Section 15-1-49, Mississippi Code Annotated, (1972). ILM contends its cause of action did not accrue until October 31, 1977, when it obtained the right to sue in its own name. ILM alleged the television set was returned to their insured on December 1, 1976, and caught fire on that date and damaged their insureds' house. ILM did not file suit within six years after December 1, 1976.
*754 We find no Mississippi cases addressing this question, but appellant forthrightly cites an ALR annotation entitled, "When does statute of limitations begin to run upon an action by subrogated insurer against third party tort feasor." 91 A.L.R.3d 844. This annotation deals with the precise question presented to us and states:
While a subrogated insurer frequently contends that its action against the third-party tort feasor who allegedly caused the damage or injury for which the insurer had to recompense its insured did not accrue, and the statute of limitations did not begin to run thereon, until the insurer had made the payments required under its insurance contract, courts have held, generally that such a contention was without merit.
91 A.L.R.2d 850.
Cases from twelve states are cited which support the view that the statute of limitations begins to run on such actions at the same time that the statute of limitations would have begun to run on the insured's action against the third party tort feasor. The reason offered in support of the view expressed in these cases is that a subrogated insurer stands in the shoes of its insured, and takes no rights other than those that the insured had, and is subject to all defenses which the third party tort feasor might assert against the insured. We find no cases contrary to the rule expressed in this annotation and appellant cites none in its brief. No minority rule is stated in the A.L.R. annotation.
Our own cases hold, "Subrogation is the substitution of one person in place of another, whether as a creditor or as the possessor of any rightful claim, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and to its rights, remedies, or securities." Lyon, et al v. Colonial United States Mortgage Company, 129 Miss. 54, 91 So. 708 (1922); Robertson v. Sullivan, et al, 102 Miss. 581, 59 So. 846 (1912).
In American National Insurance Company v. United States Fidelity & Guaranty Company, 215 So.2d 245 (Miss. 1968), American had a fidelity insurance policy with Insurance Company of North America. After American sustained a loss, INA paid the loss and the court stated, "And that to the extent of payment by INA to insured, the insured would assign all of its rights and causes of action to INA, thus providing for subrogation." 215 So.2d 249, 250. The court then held upon payment by INA to American of its loss INA was entitled to be subrogated to any right of action which its insured might have against the third person whose negligence or wrongful acts caused the loss.
The contract of insurance between ILM and the Bealls was not attached to the declaration so the only basis for ILM's right to be subrogated to the claim of the Bealls against Huff arose by virtue of the contract between ILM and the Bealls on October 31, 1977. Thus ILM was subrogated to the right of the Bealls by contract, and not by operation of law. Although the instrument executed by the Bealls on October 31, 1977, to ILM is entitled "Release and Subrogation Receipt," the effect of the instrument is the same as if the Bealls had made an assignment to ILM. It is familiar law that an assignee obtains no greater right in the thing assigned than was possessed by the assignor, but simply stands in the shoes of the latter and assignee's right can rise no higher than assignor's. Canton Exchange Bank v. Yazoo County, 144 Miss. 579, 109 So. 1 (1926); Simmons v. Smith County Bank, 225 Miss. 384, 83 So.2d 441 (1955); Smith v. Copiah County, 232 Miss. 838, 100 So.2d 614 (1958).
All that ILM received from its contract was the right to proceed on the claim that its insureds, the Bealls, had against Huff for the fire which occurred on December 1, 1976. The statute of limitations began running against the Bealls on this claim on that date and ILM does not contend otherwise. The fact that ILM later became subrogated to the rights of the Bealls did not operate to extend the period within which suit could be brought because ILM was substituted in the place of the *755 Bealls and succeeded to the rights and remedies of Bealls' to their claim against Huff.
ILM argues in its brief that it could not institute suit under Rule 17(b) of the Mississippi Rules of Civil Procedure until after it had become subrogated by the contract of October 31, 1977, and therefore the action did not accrue until October 31, 1977. Rule 17(b) provides the following:
(b) Subrogation Cases. In subrogation cases, regardless of whether subrogation has occurred by operation of law, assignment, loan receipt, or otherwise, if the subrogor no longer has a pecuniary interest in the claim the action shall be brought in the name of the subrogee. If the subrogor still has a pecuniary interest in the claim the action shall be brought in the names of the subrogor and the subrogee.
Rule 17 does not create new causes of action, does not affect statutes dealing with limitation of actions, but only "prescribes the general requirements that must be satisfied regarding the plaintiff's interest in the subject matter of the proceeding and each litigant's capacity either to sue or be sued." See Comment following Rule 17.
ILM's argument overlooks the fact that it was subrogated only to its insured's right of action which accrued on December 1, 1976. The subrogation agreement did not create a new cause of action, because ILM only succeeded to the rights and remedies of its insureds. Lyon, et al, supra and Robertson, supra. ILM stands in the shoes of its insureds and takes no rights other than those of its insureds.
The trial judge correctly held the action was barred by the statute of limitations.

III.
The third question concerns the status of Curtis Mathes, the other defendant. ILM states in its brief that the circuit judge sustained appellees' pleas of the statute of limitations and entered final judgment in favor of appellees. Final judgment was not rendered in favor of Curtis Mathes but only in favor of Bill Huff. Curtis Mathes filed an answer 12 days after the judgment for Huff and asserted as a defense the statute of limitations. No action was taken on the pleading of Curtis Mathes in the trial court, no final judgment was rendered in its favor, so it is not properly before the court. We therefore dismiss the appeal as to Curtis Mathes.
AFFIRMED AND APPEAL AGAINST CURTIS MATHES MANUFACTURING CO. DISMISSED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON AND SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.
NOTES
[1] Sitting pursuant to Mississippi Code Annotated, Section 9-3-6 (Supp. 1982). The above opinion is adopted as the opinion of the Court.