**Linda SHEPHERD, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. J84–0520(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 19, 1985.

Joseph E. Roberts, Cothren, & Pittman, Jackson, Miss., for plaintiff.

Jerome B. Steen & William C. Griffin, Steen, Reynolds, Dalehite & Currie, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the Motion for Summary Judgment filed by the defendant, State Farm Mutual Automobile Insurance Company (State Farm). After consideration of the memoranda with attachments submitted by the parties, this court is of the opinion that the defendant's motion is well taken and should be granted.

The plaintiff, Linda Shepherd, was injured when the vehicle which she was driving was struck from the rear by a car operated by Mohammad Esmail Amini. She allegedly sustained severe injuries to the head, neck, cervical spine and shoulders and required treatment by an orthopedic surgeon for several months. The automobile driven by Amini was insured by Stonewall Insurance Company (Stonewall). Linda Shepherd was the named insured of an insurance policy issued by State Farm with a policy limit of $10,000 and her mother, Juanita Atkins, also held a policy issued by State Farm with a policy limit of $25,000. After the accident, Stonewall paid Shepherd $10,000.00 on behalf of Amini and, in return, Shepherd executed a covenant not to sue by which she agreed not to sue or "make any claim against Mohammad Esmail Amini, Stonewall Insurance Company, or Dixie Insurance Company...." The agreement further provided that "the execution of this Covenant Not to Sue ... does not in any way prejudice the rights of the undersigned to assert or make a claim against the undersigned's automobile liability insurance carrier, State Farm Mutual Automobile Insurance Company...:".

Shepherd alleges that her damages exceed the $10,000.00 paid to her by Amini's insurer and that she is entitled to recover from State Farm pursuant to the provisions of policies issued to her and her mother and

the Mississippi uninsured motorist statutes.[1]

State Farm asserts that it is entitled to summary judgment because Shepherd's execution of the covenant not to sue without the consent of State Farm was in violation of the uninsured motorist provisions of the policy which state in part:

> This insurance does not apply: (a) to bodily injury to an insured ... with respect to which such insured ... shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor....

The covenant not to sue, according to State Farm, furthermore abrogated its subrogation rights against Amini.[2]

In *United States Fidelity & Guaranty Company v. Hillman*, 367 So.2d 914 (Miss. 1979), Hillman, the insured, had sustained injuries when a truck, driven by an uninsured motorist, collided with Hillman's automobile. Without the knowledge of U.S.F. & G., Hillman executed a release of the uninsured motorist. The U.S.F. & G. policy stated that the uninsured motorist coverage did not apply "to bodily injury to an Insured with respect to which such insured ... shall, without written consent of [U.S.F. & G.], make any settlement with any person or organization who may be legally liable therefor". The court held that, since Hillman had violated an unambiguous provision of the policy and had, in releasing the uninsured motorist, foreclos-

ed U.S.F. & G.'s subrogation rights guaranteed by Mississippi's uninsured motorist statutes, recovery from U.S.F. & G. must be denied. *Id.* at 922.

The plaintiff has attempted to distinguish the release in *Hillman* from the covenant not to sue executed by her. Shepherd contends that the covenant not to sue is personal to her and not prejudicial to the subrogation rights of the defendant. Subrogation, however, "is the substitution of one person in place of another ... so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and to its rights, remedies or securities". *Indiana Lumberman's Mutual Insurance Co. v. Curtis Mathes Mfg. Co.*, 456 So.2d 750, 754 (Miss.1984) (quoting *Lyon v. Colonial United States Mortgage Co.*, 129 Miss. 54, 91 So. 708 (1922)). State Farm's ability to recover from Amini or his insurer is dependent entirely on Shepherd's rights. By foreclosing her own right to sue, Shepherd has also abrogated State Farm's rights. Furthermore, since the covenant not to sue executed by Shepherd constitutes a "settlement" in violation of the policy, the court finds that the legal distinctions between a release and covenant not to sue are immaterial.[3]

For the reasons stated herein, it is the court's opinion that the defendant's motion for summary judgment should be granted. A separate judgment shall be submitted in accordance with the local rules.

---

1. Section 83–11–103, Miss.Code Ann., defines an uninsured motor vehicle as, *inter alia*, "An insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage." Although the automobile driven by Amini was covered by an insurance policy, it is an uninsured motor vehicle for purposes of the statutes because Shepherd alleges her damages exceeded the amount of coverage.

2. Miss.Code Ann. § 83–11–107 (1972) provides in part:
   > An insurer paying a claim under the endorsement or provisions required by section 83–11–101 shall be subrogated to the rights of the insured to whom such claim was paid against

the person causing such injury, death, or damage to the extent that payment was made, including the proceeds recoverable from the assets of the involvent insurer.

3. In *Dancy v. State Farm Mutual Automobile Insurance Co.*, 324 F.Supp. 964 (S.D.Ala.1971), the insured executed a covenant not to sue in favor of a man against whom he had a tort claim, as well as the man's insurance company, and then sought recovery under the uninsured motorist provision of his policy with State Farm. The court, in granting summary judgment for the insurer, found that the covenant not to sue, like a release, breached the policy provision prohibiting settlement without the insurer's consent and interfered with the insurer's subrogation rights. *Id.* at 965.