465 So.2d 1023 (1985)
Bertha Eloise STANLEY
v.
ALLSTATE INSURANCE COMPANY, et al.
No. 54530.
Supreme Court of Mississippi.
February 27, 1985.
Rehearing Denied April 10, 1985.
*1024 Henry P. Pate, III, C.R. McRae, Pascagoula, for appellant.
Ernest R. Schroeder, Robert J. Dambrino, III, Bryan, Nelson, Allen, Schroeder & Backstrom, Pascagoula, for appellees.
Before ROY NOBLE LEE, P.J., and HAWKINS and SULLIVAN, JJ.

ON MOTION TO STRIKE AND DISMISS
HAWKINS, Justice, for the Court:
Bertha Eloise Stanley appeals from a judgment of the Circuit Court of Jackson County dismissing her claim against Allstate Insurance Company in a suit filed by her against Allstate and its insured, Dennis A. Winnett.
Allstate has filed in this Court a motion to dismiss the appeal because of Stanley's failure to timely perfect her appeal. The issue we address on this motion is the time within which to perfect an appeal from an order dismissing the cause as to one of two co-defendants when the other co-defendant has not been served with process.
Finding that such an order of dismissal as to the only party under any process is a final order, and the appeal in this case is controlled by Miss. Code Ann. § 11-51-5 requiring perfection within forty-five days, we sustain Allstate's motion and dismiss the case.[1]

FACTS
On June 17, 1982, Stanley filed a suit against Allstate and Winnett in the Circuit Court of Jackson County for personal injuries she alleged were sustained when Winnett "rear ended" her in a motor vehicle accident on Highway 90 in Pascagoula. Allstate was the liability insurance carrier for Winnett.
On July 20, 1982, Allstate filed two motions to dismiss, one embodied in various defenses in its answer, and the other a separate motion to dismiss. Both these motions to dismiss in the trial court contended the Circuit Court lacked the authority to entertain a direct action against the insurance carrier.
Stanley, on the other hand, contended Rule 18 of our Mississippi Rules of Civil Procedure authorized this direct proceeding.
On August 12, 1982, the circuit judge conducted a hearing, heard argument and ruled the cause should be dismissed as to Allstate.
On August 16, 1982, the circuit judge entered an order sustaining the motion and dismissing Allstate from the cause of action. This order of dismissal was filed on August 16, also.
On November 8, 1982, Stanley filed a motion in the circuit court for certification to appeal under Rule 54(b) of the Mississippi Rules of Civil Procedure. The motion contended that the order of August 16, 1982, was not a final judgment for purposes of appeal, and that she should be permitted an appeal under Rule 54(b).
On November 12, 1982, the circuit judge entered a judgment pursuant to Rule 54(b), containing the language required in this rule in order to permit an appeal in a multiple party action. That is, the order *1025 contains the following significant language:
This Court finds that there is no just reason for delaying the entry of judgment dismissing the action as to defendant, Allstate Insurance Company, and judgment is hereby expressly entered dismissing this action as to defendant Allstate Insurance Company, and further that a copy of this order shall be immediately forwarded by the clerk to all counsel of this proceeding.
Prior to the motion being filed by Stanley on November 8, 1982, she had taken no steps to perfect an appeal from the order of dismissal of August 16, 1982. This was considerably beyond the 45-day statutory period within which to perfect an appeal from a final judgment. No process was ever had on Winnett.

LAW
The issue before us is whether the order of August 16 dismissing Allstate was final and appealable in view of the fact that no process of any kind had been had upon Winnett at the time the cause was dismissed as to Allstate; or, whether this is a proper Rule 54(b) appeal.[2]
Directly on point in this issue is the case of State, for Use and Benefit of Moak v. Moore, 373 So.2d 1011 (Miss. 1979), wherein this Court followed the general rule of decisions that in the ordinary case a person named as a defendant in a declaration (complaint) does not become a party until served with process. 373 So.2d at 1012.
We further held in Moak, supra, that an appeal dismissing cause as to all defendants served with process was final, even though no order was entered as to another defendant who had not been served, and therefore overruled the defendant's motion to dismiss the plaintiff's appeal as "interlocutory."
The only question remaining is whether the adoption of the Mississippi Rules of Civil Procedure by this Court, effective January 1, 1982, changed this rule of law. It does not. The United States courts faced with the same question, followed the rationale of Moak, supra. See: Ferguson v. Bartels Brewing Company, (Court of Appeals, 2nd Cir.1960) 284 F.2d 855; United States v. Studivant, (Court of Appeals, 3rd Cir., 1976), 529 F.2d 673.
MOTION SUSTAINED; APPEAL DISMISSED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Present Rule 48 requires an appeal to be perfected in 30 days. Rule 48 is only effective from and after January 1, 1984.
[2] The bench and bar should be apprised that under Rule 54(b), where there are multiple parties, and the trial court enters an order of dismissal as to one or more, but not all defendants, the trial judge can authorize an appeal by the plaintiff. In the absence of the express permission of the trial court under Rule 54(b), there can be no such appeal. Indiana Lumberman's Mutual Insurance Co. v. Curtis Mathes, 456 So.2d 750 (Miss. 1984). Prior to the adoption of this rule, such an appeal would not have been permitted, as it would have been termed "interlocutory." See: Cotton v. Veterans Cab Company, Inc., 344 So.2d 730 (Miss. 1977), and Federal Land Bank v. Kimbriel, 174 Miss. 153, 163 So. 501 (1935). Also, circuit courts do not have the authority to grant interlocutory appeals.