# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 93-CT-01401-SCT

*IN THE MATTER OF THE GUARDIANSHIP OF E.O. SUGG, JR., A LUNATIC: JOHN BYARS SUGG*

*v.*

*RUBYE FRANK CRUTCHFIELD REGISTER, AS GUARDIAN OF E.O. SUGG, JR., A LUNATIC, AND AETNA CASUALTY & SURETY COMPANY*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/08/93 |
| TRIAL JUDGE: | HON. STUART ROBINSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | WILLIAM C. BELL |
| ATTORNEYS FOR APPELLEE: | JOHN P. FOX |
| | K. HAYES CALLICUTT |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS AND ESTATES |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 9/4/97 |
| MOTION FOR REHEARING FILED: | 9/19/97 |
| MANDATE ISSUED: | 10/30/97 |

**EN BANC.**

**ROBERTS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On August 7, 1992, the Guardianship of E.O. Sugg, Jr., was closed shortly after the ward's death on June 26, 1992. John Byars Sugg, E.O.'s brother, filed a petition to reopen the guardianship. The chancellor dismissed the petition with prejudice by order entered on November 8, 1993. On December 8, 1993, John Byars Sugg filed a notice of appeal.

¶2. On November 14, 1995, the Court of Appeals reversed and remanded the case to the lower court. John P. Fox and K. Hayes Callicutt, the attorneys representing the guardianship, filed a petition for

rehearing which was denied on February 27, 1996. Fox and Callicutt filed a petition for writ of certiorari which this Court granted on May 23, 1996.

## STATEMENT OF FACTS

¶3. On April 17, 1967, E.O. Sugg, Jr., was adjudicated as non compos mentis by the Chancery Court of Calhoun County. After this adjudication, E.O.'s brother, John Byars Sugg, convinced E.O. to convey 137.5 acres of land in Calhoun County to him.

¶4. On December 27, 1979, Rubye Frank Crutchfield Register, E.O.'s niece, petitioned the Chancery Court of the First Judicial District of Hinds County for appointment as guardian for her uncle. In the petition, Register requested authorization to file a suit to set aside the conveyances made while E.O. was non compos mentis. Attached to the petition was a contract employing John P. Fox and K. Hayes Callicutt on a contingency fee basis to recover the property deeded to John Byars Sugg.

¶5. The chancery court approved the attorney contract and suit was brought in the Chancery Court of Calhoun County to recover the property. On December 2, 1981, a hearing was held and the Chancery Court of Calhoun County set aside the conveyances to John Byars Sugg and restored the property to E.O. Sugg, Jr.

¶6. E.O. died at Register's home on June 26, 1992. On July 29, 1992, Register was appointed administratrix of E.O.'s estate. On August 7, 1992, the guardianship was closed and the chancellor approved the final accounting. In closing the guardianship, the chancellor authorized Register to convey a portion of the property to the attorneys.

¶7. John Byars Sugg petitioned the Chancery Court of the First Judicial District of Hinds County to reopen the guardianship or, in the alternative, set aside the decree closing the guardianship for lack of notice. John alleged, among other things, that (1) the guardian failed to file any annual accountings and that the accountings were not waived by the court; (2) the guardian misappropriated funds; (3) the contract between the attorneys and the guardian was null and void due to the statute of limitations; and (4) the property vested in E.O.'s heirs-at-law immediately upon his death.

¶8. The chancery court entered summary judgment in favor of both attorneys by order filed on September 24, 1993. The order was certified pursuant to M.R.C.P. 54(b). John did not appeal this order.

¶9. On October 12, 1993, a hearing was held as to the misappropriation of funds and failure to file any annual accountings. John and Register were the only witnesses. The chancellor found that there was no evidence that Register had misappropriated any funds. The Final Order was entered on November 8, 1993. John appealed the November 8, 1993, order on December 8, 1993.

¶10. The Court of Appeals reversed and remanded finding that (1) the statute of limitations on the attorneys' contract had run; (2) there was no lien against the land; (3) the property vested in E.O.'s heirs immediately upon his death; and (4) the chancellor erred in failing to find that there was no waiver of annual accountings and that no annual accountings or expense vouchers were ever filed by the guardian.

¶11. Fox and Callicutt filed a petition for certiorari arguing the following points: (1) the contract of

the attorneys as approved by the chancery court constituted an equitable conditional assignment or conveyance to the attorneys and no statute of limitations would run on this contract; (2) the guardian may complete any act authorized by the chancery court wherein the guardianship is pending at any time prior to the closing of the guardianship; (3) no polluted hand shall touch the pure fountain of justice; and (4) this Court should grant this writ of certiorari and affirm the decision of the chancellor.

## DISCUSSION

### Did the Court of Appeals err in determining that the statute of limitations prevented the chancery court from having Register convey the property to the attorneys?

¶12. The Court of Appeals determined that Register could not convey any of the property to the attorneys pursuant to the contingency fee contract because the statute of limitations ran while the guardianship was pending in the chancery court. According to the Court of Appeals, the time started to run upon the successful occurrence of the contingency which accrued on December 2, 1981, the date of the decree restoring ownership of the property to E.O. The applicable statute of limitations was determined to be Miss. Code Ann. § 15-1-49, which at the time provided a six year statute of limitation.[1] Thus, the attorneys would have had to bring suit against the guardian to convey the property within a six year period from the date of the decree restoring the property or by December 2, 1987.

¶13. The Court of Appeals also found that any judgment lien the attorneys had on the property would have expired seven years from the date of the decree on December 2, 1988. Since the property had not been conveyed to the attorneys upon E.O.'s death and any judgment lien placed on the property would have already expired, the Court of Appeals found that the property vested in E.O.'s heirs immediately upon his death, making it impossible for the guardian to convey the property to the attorneys as ordered by the chancery court.

¶14. The question before this Court is whether the statute of limitations ran while the guardianship was pending or in any way affected the authority of the chancery court to order that the land be conveyed to the attorneys when closing the guardianship. The basis upon which the Court of Appeals relied in finding that the issue had been preserved for review, however, is questionable. In determining that John Byars Sugg had preserved the issue regarding the statute of limitations for review, the Court of Appeals quoted the following language from the bench opinion:

> I think I've previously ruled on all the other questions before the Court, one of which was whether or not the Statute of Limitations had run, which would prevent the deeds being executed subsequent to my order in 1992. And I've ruled that the Statute had not run, that those deeds could be executed at any time. And the Court set no date for the deeds to be issued.

¶15. The chancellor, however, stated that he had "previously ruled" on the matter. This is further evidenced by the opening statements of K. Hayes Callicutt at the hearing conducted on Register's alleged misappropriation of funds. Callicutt stated, "[W]hat [John Byars Sugg] really wants as relief is he wants the Court to declare that John Fox and my firm don't get any attorney fees as to that land, which Your Honor has spoken pretty strongly about that heretofore."

¶16. On September 24, 1993, an order was entered granting summary judgment in favor of the

attorneys. The order was certified pursuant to M.R.C.P. 54(b) and contained the following language:

> The Court further finds, directs and makes an expressed determination that there is no just reason for any delay in entering Final Judgment as to the Defendants, John P. Fox and K. Hayes Callicutt; that this Final Judgment, as to these Defendants, should be entered; and that there is no just reason for delaying any appeal as to these Defendants, being John P. Fox and K. Hayes Callicutt.

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that this cause of action is hereby dismissed with prejudice as to the Defendants, John P. Fox and K. Hayes Callicutt.

This order was not appealed.[2] In the motion for summary judgment, the attorneys asserted the following:

> 7. The attorneys' contract between Fox and Callicutt and Register, as the guardian of E.O. Sugg, Jr., a Lunatic, does not have any time limitations incorporated in said contract and said contract is valid as a matter of law as Fox and Callicutt had performed the said contract and the only thing remaining to be done was for the guardian to make a conveyance already approved by this Court.

¶17. If John Byars Sugg wanted to preserve the issue regarding the statute of limitations for review, he should have appealed the order granting summary judgment in favor of the attorneys. *See Stanley v. Allstate Ins. Co.,* 465 So. 2d. 1023 (Miss. 1985).

## CONCLUSION

¶18. The Court of Appeals erred in determining that the issue regarding the statute of limitations was properly preserved for review. John Byars Sugg failed to appeal the order granting summary judgment as to the attorneys which was properly certified as a final and appealable order. The opinion of the Court of Appeals with regard to Fox and Callicutt is hereby reversed and rendered and the chancellor's authorization of the conveyance of the interest set out under the contract to the attorneys is hereby reinstated. The opinion of the Court of Appeals is affirmed on all other issues.

¶19. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**

1. Section 15-1-49 was later amended to reduce the period from six to three years.

2. When the Clerk of this Court filed this appeal, John P. Fox and K. Hayes Callicutt were listed as Appellees. Callicutt informed the Clerk by letter that "Sugg has not appealed his suit as to John P. Fox and K. Hayes Callicutt. Therefore, for the sake of clarity, we would appreciate if you would remove the name [sic] John P. Fox and K. Hayes Callicutt from the style of the case." Callicutt attached a copy of the Designation of the Record prepared by the Appellant in which there was no

reference as to Fox or Callicutt in the style of the case. William C. Bell, counsel for the Appellant, confirmed Callicutt's assertion by letter stating that their names needed to be removed from the style and that they "were not parties to the case at the time of judgment . . . ."