# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-01001-SCT

*PEARLIE WILLIAMS*

*v.*

*DELTA REGIONAL MEDICAL CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/03/97 |
| TRIAL JUDGE: | HON. SHIRLEY C. BYERS |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARTIN A. KILPATRICK |
| ATTORNEYS FOR APPELLEE: | L. CARL HAGWOOD |
| | VIKKI J. TAYLOR |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | DISMISSED - 5/6/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/27/99 |

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Appellant Pearlie Williams appeals from an order of the Washington County Circuit Court which granted a summary judgment in favor of appellee Delta Regional Medical Center (DRMC) in Williams's wrongful death medical malpractice action against Dr. James R. Beckham and DRMC arising from the stillbirth of Williams's child on September 8, 1994. Because the circuit court's order did not terminate Williams's complaint and action against Dr. Beckham and was not certified by the circuit court as a Miss. R. Civ. P. 54(b) final judgment as to DRMC, we conclude that the order is not appealable. Therefore, we dismiss this appeal for lack of an appealable order.

## FACTS AND PROCEEDINGS

¶2. A stillborn child was delivered of Williams by Dr. Beckham on September 8, 1994, at DRMC, a community hospital in Greenville, Mississippi. Williams filed a wrongful death medical malpractice action against Dr. Beckham and DRMC on August 6, 1996, alleging that they were negligent during the delivery of her child causing it to be stillborn. Both Dr. Beckham and DRMC were served with process, appeared through separate counsel, answered the complaint, and participated in discovery in the circuit court.

¶3. On August 30, 1996, DRMC moved for summary judgment on the basis that Williams's complaint and action against it were barred by the one (1) year statute of limitations provided by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11 ( Supp. 1996), since she filed her complaint one (1) year and eleven (11) months after the date of the alleged injury. Williams filed her response to DRMC's summary judgment motion, claiming that she had no knowledge of any wrongdoing by the hospital or Dr. Beckham until December 19, 1995.

¶4. By order entered on June 3, 1997, the circuit court granted DRMC's motion for summary judgment on the basis that DRMC is a political subdivision of the State of Mississippi and may only be sued under the Mississippi Tort Claims Act which allows suit only within one (1) year from the date of the alleged injury. Since Williams filed her action one (1) year and three-hundred and thirty-one (331) days after the date of the allegedly tortious conduct, the circuit court concluded that Williams's complaint against DRMC was barred by the statute of limitations. The circuit court's order did not terminate the action, did not dismiss as to Dr. Beckham, and was not certified under Miss. R. Civ. P. 54(b) as a final judgment as to DRMC. Williams appealed from that order.

## DISCUSSION OF THE LAW

¶5. The parties have not raised an issue as to whether the circuit court's order is appealable. However, we must address this question on our own initiative. ***See Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.***, 512 So.2d 897, 899 (Miss., 1987)(sua sponte dismissing appeal for improper Rule 54(b) certification).

¶6. Rule 54(b) of the Mississippi Rules of Civil Procedure provides:

> **Judgment Upon Multiple Claims or Involving Multiple Parties**. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The comment to Rule 54 stresses that, absent a Rule 54(b) certificate, "any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory."

¶7. Here, this case involves claims against multiple defendants, DRMC and Dr. Beckham. The lower court's order did not terminate the action, did not make any adjudication concerning Dr. Beckham, and was not certified pursuant to Rule 54(b) as a final judgment as to DRMC. Under the plain language of Rule 54(b), the order is interlocutory and not appealable. Accordingly, we must dismiss this appeal for lack of an appealable order. ***See Indiana Lumbermen's Mut. Ins. Co. v. Curtis Mathes Mfg. Co.***, 456 So.2d 750, 752-55 (Miss., 1984) (discussing Rule 54(b) certification and dismissing appeal as to one defendant as to whom the lower court had not certified a Rule 54(b) final judgment).

## CONCLUSION

¶8. The circuit court's order granted summary judgment for only DRMC, one of two defendants, and was not certified pursuant to Miss. R. Civ. P. 54(b) as a final judgment as to DRMC. Therefore, the order is interlocutory and not appealable, and we dismiss this appeal for lack of an appealable order.

¶9. **DISMISSED FOR LACK OF AN APPEALABLE ORDER.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE J., CONCURS IN RESULT ONLY. COBB, J., NOT PARTICIPATING.**