**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-60678**

---

**VICTORIA D. WALKER;**
**AND, TERRY E. WALKER;**

**Plaintiffs-Appellants,**

**v.**

**ALLSTATE INSURANCE COMPANY;**

**Defendant-Appellee,**

---

**Appeal from the United States District Court**
**for the Northern District of Mississippi**
**(2:97-C-152-B-B)**

---

August 16, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On June 2, 1994, while driving an automobile owned by Ralph and Jane Holt, Victoria Walker was injured when she was rear-ended by a van driven by an uninsured motorist, Thomas Frazier. In the accident, Victoria sustained injuries and the Holt automobile sustained limited damage. No accident report was prepared, however, and Victoria did not report the accident to her insurer, Allstate Ins. Co. ("Allstate"). On July 31, 1996, without Allstate's consent, Victoria and her husband, Terry Walker, settled all potential claims against Frazier up to the limit of his policy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-- $10,000 for each person.[1]  The Walkers did not make an uninsured motorist claim against Allstate for the June 1994 accident until April 30, 1997.[2]

When Allstate refused to pay the claim, the Walkers filed an action to recover their uninsured motorist benefits in Mississippi state court on May 29, 1997.  The action was removed to the Northern District of Mississippi and, based on the parties' consent, was referred to a magistrate judge.  Following Allstate's motion, the magistrate judge granted summary judgment and dismissed the Walkers' claims.  The Walkers timely appealed.

Under the Walkers' policy with Allstate, coverage is specifically excluded for "damages an insured person is legally entitled to recover because of . . . bodily injury to any person who makes a settlement with the owner or operator of the uninsured auto without [Allstate's] written consent."  This provision preserves Allstate's subrogated interest in any claims against an uninsured tortfeasor.  See Miss. Code § 83-11-107; United States Fidelity & Guar. Co. v. Hillman, 367 So. 2d 914, 920 (Miss. 1979);

---

[1]     Under the Mississippi Uninsured Motorist statute, an "uninsured motor vehicle" is defined as,

> An insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage.

Miss. Code § 83-11-103(c)(iii).  The uninsured motorist limit under the Walkers' policy with Allstate was $100,000 for each person.

[2]     In her deposition, Victoria testified that she mentioned the June 1994 accident to her Allstate agent in July 1994.  She confirmed, however, that she was not making a claim at that time.  Moreover, it is undisputed that the Walkers did not seek Allstate's consent prior to settling their claim with Frazier.

see also Shepherd v. State Farm Mut. Auto. Ins. Co., 607 F. Supp. 75, 76 (S.D. Miss. 1985).  Even with this provision, when an insured settles with a tortfeasor without the insurer's consent, the insurer's subrogation rights are extinguished.  See St. Paul Property and Liab. Ins. Co. v. Nance, 577 So. 2d 1238, 1241-42 (Miss. 1991).  Thus, one of an insurer's limited protections against non-consensual settlements by an insured is a breach of contract defense to an uninsured motorist claim by the settling insured.  See id. at 1242.  Under Hillman, Mississippi law mandates the result reached by the magistrate judge in this case.  See Hillman, 367 So. 2d at 921-22.  The Walkers can cite no cases to the contrary, and because it is undisputed that Allstate was not given the opportunity to consent to the Walker/Frazier settlement, Murriel v. Alfa Ins. Co., 697 So. 2d 370, 371-72 (Miss. 1997), is inapposite.[3]

    **AFFIRMED.**

---

    [3]    Because we have resolved this case on Hillman grounds, this court need not reach Allstate's alternative arguments for affirmance.