512 So.2d 897 (1987)
Walter Del COX, Jr.
v.
HOWARD, WEIL, LABOUISSE, FRIEDRICHS, INC.
No. 57008.
Supreme Court of Mississippi.
September 2, 1987.
*898 Gary D. Thrash, Jackson, for appellant.
J. Brad Pigott, Watkins, Ludlam & Stennis, Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and ANDERSON, JJ.
HAWKINS, Presiding Justice, for the Court:
This case involves a Rule 54(b) judgment under the Mississippi Rules of Civil Procedure (MRCP), dismissing one count of a counterclaim. It was improvidently granted; we vacate the appeal and remand to the circuit court of Warren County to remain on the trial docket until disposition of the entire case.

FACTS
Howard, Weil, Labouisse, Friedrichs, Inc. (Howard, Weil) is a brokerage corporation with principal offices in New Orleans. In January, 1985, it filed a complaint against Walter Del Cox, Jr., in the circuit court of Warren County alleging an open account indebtedness for corporate stock transactions made through it by Cox in the amount of $59,543.
By answer and counterclaim, later amended, Cox denied the accuracy of the account. His counterclaim contained three counts. Count I alleged that Howard, Weil failed to properly process orders he made and caused a loss of $39,382.53. Count II alleged that Howard, Weil had overcharged him on commissions in the amount of $76,867. Count III alleged that Howard, Weil employed him as a branch manager at a salary plus commissions, that Howard, Weil fired him and notified various exchange boards and stockbrokers of this termination. He claimed this deprived him of *899 other job opportunities and $3,300,000 in damages on this count.
Following his deposition, in which Cox acknowledged that he had never applied for another job, Howard, Weil, moved for summary judgment to dismiss Count III of the counterclaim.
On November 7, 1985, the court entered a summary judgment in Howard, Weil's favor as to Count III. The judgment also recited:
The Court does further find that there is no just reason for delay and expressly directs the entry of judgment in favor of the plaintiff, Howard, Weil, Labouisse, Friedricks, Inc., on Count III of the Counterclaim filed by the defendant/counterclaimant, Walter Del Cox, Jr., in this cause and directs that Walter Del Cox, Jr., should take nothing under this Counterclaim.
(R. 63)
By the language in the judgment, the court rendered a Rule 54(b) final judgment under our Rules of Civil Procedure (MRCP).
Cox has appealed, alleging the trial judge erred in granting the summary judgment on Count III. In its brief Howard, Weil alleges the judgment is an interlocutory order and not appealable, and argues the circuit court was correct in entering the summary judgment.

LAW
At the outset we note that Howard, Weil should have cross-appealed on the granting of a Rule 54(b) final judgment or made a motion to dismiss the appeal rather than assigning it as error in its brief on the direct appeal. A Rule 54(b) judgment is not an interlocutory order, but a final judgment specifically provided for by this rule. Stanley v. Allstate Insurance Co., 465 So.2d 1023 (Miss. 1985).
We notice plain error in the improvident granting of this judgment, however, and dismiss the appeal.
Indiana Lumbermen's Mutual Insurance Co. v. Curtis Mathis, 456 So.2d 750 (Miss. 1984), is the only case in which any ground rules for granting a Rule 54(b) judgment has been set forth by this Court. In that case the circuit court entered a Rule 54(b) final judgment dismissing the complaint against one of the parties, and on appeal we held the entry of the judgment was proper. Retired Justice Sugg speaking for the Court succinctly stated, however: "On appeal a 54(b) final judgment may be reviewed and reversed if this Court finds the trial judge abused his discretion in entering the final judgment." Id. at 753.
Rule 54(b) is a new concept in our state trial procedure. This case illustrates that our holding in Indiana Lumbermen's Mutual Insurance Co. v. Curtis Mathis, supra, needs to be amplified and some cautionary guidance given to trial courts concerning the limitation of this type of judgment.
Moore's Federal Practice, Vol. IX (1984), gives the detailed inception and development of this rule in Federal practice, from which our state rule has been adopted. Our state Rule 54(b) is the same as the Federal rule, and states:
(b) Judgement Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. [Emphasis added]
*900 The need for a Rule 54(b) in Federal practice arises with much greater frequency than in state court practice. In complex litigation involving multiple claims or multiple parties, or both, Rule 54(b) is helpful because it allows judges to efficiently and fairly resolve separable claims before protracted litigation is finally resolved.
The entry of a Rule 54(b) judgment is not mandatory, the rule itself stating: "... the Court may direct the entry of a final judgment, ..." It is discretionary with the trial court, who acts as a "dispatcher." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); Indiana Lumbermen's Mutual Insurance Co. v. Curtis Mathis, supra.
The United States Supreme Court in Curtiss Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), followed by us in Indiana Lumbermen's Mutual Insurance Co. v. Curtis Mathis, supra, at 752-753, held that the authority in a trial court to enter a Rule 54(b) judgment "should be exercised cautiously in the interest of sound judicial administration in order to preserve the established judicial policy against piecemeal appeals in cases which should be reviewed only as single units." [Emphasis added]
The U.S. Supreme Court in Curtiss Wright Corp. v. General Electric Co., supra, also noted that because of the large number of possible situations in which a Rule 54(b) judgment might be given, they were reluctant either to "fix or sanction narrow guidelines for the district courts to follow." Id. 446 U.S. at 11, 100 S.Ct. at 1466, 64 L.Ed.2d at 13. The Court additionally observed the discretion must be exercised "in the interest of sound judicial administration," taking into account "judicial administrative interests, as well as the equities involved." Id., 466 U.S. at 8, 100 S.Ct. at 1465, 64 L.Ed.2d at 11.
In Page v. Gulf Oil Corp., 775 F.2d 1311, 1313, n. 2 (5th Cir.1985), the Court of Appeals for the 5th Circuit stated:
A 54(b) certificate should be reserved for a case where a delay in the appeal might result in prejudice to a party. The rule was adopted to avoid injustice, not to overturn the settle rule against piecemeal appeals. Jasmin v. Dumas, 726 F.2d 242, 244 (5th Cir.1984). A 54(b) certificate is not, therefore, to be granted routinely.
Id. at 1313.
Trial courts are, of course, aware of the load this Court carries in deciding the cases we properly have on appeal. Trial attorneys and litigants are painfully aware of the time it takes to conclude a case on appeal. The last thing the judicial system in this state needs is to send this Court improper or unnecessary appeals. It is incumbent on trial attorneys and trial judges to recognize that Rule 54(b) judgments must be reserved for rare and special occasions. This case is not one of them. When there is a judgment dismissing one count of a complaint or counterclaim, a Rule 54(b) finality should never even be considered by the trial court unless the remainder of the case is going to be inordinately delayed, and it would be especially inequitable to require a party to wait until the entire case is tried before permitting him to appeal.
There is nothing about this case which merits a Rule 54(b) judgment, consequently granting it was an abuse of discretion.
We therefore vacate and dismiss the appeal.
While we have illustrated in this case an instance of when a Rule 54(b) judgment should not be given, we will not attempt to specifically elaborate every circumstance when such a judgment should be granted. These matters should be left to the discretion of the trial judges. Trial attorneys should review Wright and Miller, Moore's Federal Practice and Federal case law before they propose a Rule 54(b) judgment to a trial court. In turn, trial judges should require such research and preparation before they even consider the propriety of granting it.
While the purely mechanical test of Rule 54(b) has been met by a statement in the judgment that there is no just reason for delay and the expressed direction that final judgment be entered, we also urge *901 trial judges to set forth the specific findings and the reasons for directing Rule 54(b) judgments. While it is not mandatory in the 5th Circuit for a district judge to make an explanatory statement to accompany a Rule 54(b) judgment, Rothenberg v. Security Management Co. Inc., 617 F.2d 1149 (5th Cir.1980); such a statement is necessary in the 9th Circuit, Morris-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir.1981):
Rule 54(b) contains no specific requirements that a district court include a statement explaining its reasoning for applying the rule... . The inclusion of such a statement is left to the discretion of the district court and is not imposed as a requirement in all cases. Thus, the district court was not in error in making the rule 54(b) certification without such an explanatory statement. However, when the case is of such a nature that the reasons for the 54(b) certification are unclear, it may be necessary for adequate appellate review to require that the district court's reasons be stated. What is said here is intended to encourage, not inhibit, such helpful explanations in any future cases, although we hold only that it is not a required procedure in this circuit at this time.
617 F.2d at 1150.
While we will not require a trial court to set forth specific reasons and findings prefatory to entering a Rule 54(b) judgment, we will look with disfavor on such judgment. Indeed, unless the reason the judgment was granted is clear from the record, we will not search for a justification, but will vacate the appeal.
In closing, we call to the attention of the Bar that an appeal such as presented in this case is subject to a motion to docket and dismiss as inappropriately filed. Thus, an opposing party need not wait until the appeal has proceeded through the full briefing process to object to the appeal. Moreover, this Court has the full authority on its own motion to vacate the appeal at any time after the notice of appeal is filed where we find plain error in the improvident granting of the 54(b) judgment which underlies the appeal. Rule 6(b), Mississippi Supreme Court Rules.
APPEAL DISMISSED; CAUSE REMANDED TO THE TRIAL DOCKET OF THE CIRCUIT COURT OF WARREN COUNTY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.