# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-00956-SCT

*ARGIE GILCHRIST*

*v.*

*CHELE ANN VEACH, M. D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/28/1998 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ISAAC K. BYRD, JR. |
| | PRECIOUS TYRONE MARTIN |
| | HIAWATHA NORTHINGTON, II |
| ATTORNEYS FOR APPELLEE: | JAMES LAWRENCE JONES |
| | MILDRED M. MORRIS |
| | KATHLEEN P. MORGAN |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | APPEAL DISMISSED - 01/13/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/3/2000 |

## EN BANC.

## SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:

### STATEMENT OF THE FACTS

¶1. Appellant Argie Gilchrist was admitted to the Rankin County Medical Center, a state hospital at that time, on January 26, 1996, for lumbar spinal surgery. During or after the surgery it appears that Gilchrist suffered a stroke. Gilchrist filed a medical malpractice action in the Circuit Court of Rankin County on January 26, 1998, against Dr. John Frenz alleging negligent performance of lumbar spinal surgery.

¶2. The appellee, Dr. Chele Ann Veach, was added as a defendant in an amended complaint on February 6, 1998, with identical factual allegations regarding negligence as the initial complaint against Dr. Frenz. Dr. Veach was the anesthesiologist who treated Gilchrist in connection with the surgery on January 26, 1996. Gilchrist's blood pressure was 220 over 110, and Labetol was administered to lower her blood pressure the morning prior to surgery. Gilchrist alleged that to continue with the surgery in light of her high blood pressure earlier that day, and in light of her previous medical conditions of being obese, suffering from hypertension and diabetes, was negligent. Gilchrist alleged that such negligence was the proximate cause of her stroke.

¶3. Dr. Veach filed a motion for summary judgment on the grounds that Gilchrist had failed to file a complaint within the applicable statute of limitations and that she had failed to comply with the notice and timing provisions of Miss. Code Ann. § 11-46-11, part of what is commonly referred to as the Mississippi Tort Claims Act. Dr. Veach further claimed that she was immune from personal liability as an employee of the then community hospital, Rankin County Medical Center. Dr. Veach pled in the alternative that even if the Mississippi Tort Claims Act should be held not to apply, the amended complaint against her was also barred by Miss. Code Ann. § 15-1-36 (Supp. 1999), which provides for a two-year statute of limitations for medical malpractice suits and which runs from the date of the negligent act or the discovery of the negligent act. The circuit court granted Dr. Veach's motion for summary judgment in a one-page order. That order does not adjudicate Gilchrist's claims against Dr. Frenz, and it does not contain a Miss. R. Civ. P. 54(b) certification.

¶4. Gilchrist appeals to this Court claiming that the circuit court erred in granting summary judgment to Dr. Veach; that factual issues regarding the employment status of Dr. Veach and alleged breaches of duty by Dr. Veach remained to be resolved; and that the application of the Mississippi Tort Claims Act to individual physicians in medical malpractice lawsuits results in the denial of a remedy in violation of the "open court" provision contained in the "remedy clause" of Article 3, Section 24 of the Mississippi Constitution.

## STATEMENT OF THE LAW

¶5. Because this case is not properly before this Court, it must be dismissed for lack of jurisdiction. Though none of the parties have raised the issue of whether the order of the circuit court granting summary judgment to Dr. Veach is appealable, this Court will address the issue on its own initiative. *See **Owens v. Nasco Int'l, Inc.**, No. 98-CA-00139-SCT, 1999 WL 517402, at \*2 (Miss. July 22, 1999)*; ***Williams v. Delta Reg'l Med. Ctr.**, 740 So. 2d 284, 285 (Miss. 1999)*; ***Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.***, 512 So.2d 897, 899 (Miss. 1987) (sua sponte dismissing appeal for improper Rule 54(b) certification).

¶6. Rule 54(b) of the Mississippi Rules of Civil Procedure provides as follows:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Miss. R. Civ. P. 54(b).

¶7. This case involves a claim against multiple defendants, Dr. Frenz and Dr. Veach, as evidenced by the amended complaint. The circuit court's order granting summary judgment for Dr. Veach does not adjudicate Gilchrist's claims against Dr. Frenz and is not certified under Rule 54(b) as a final judgment as to Dr. Veach. Therefore, based on the plain language of Rule 54(b) that order is interlocutory and not

appealable, and this appeal is dismissed for lack of an appealable order. *Williams*, 740 So. 2d at 285.

¶8. **APPEAL DISMISSED.**

> **PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE,, MILLS, WALLER AND COBB, JJ., CONCUR. SMITH, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED IN PART BY COBB, J.**
>
> **SMITH, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶9. The majority is correct that the lower court's order is not certified under Rule 54(b) as a final judgment as to Dr. Veach. However, I disagree with the majority that this Court should also dismiss this case because, "the circuit court's order granting summary judgment for Dr. Veach does not adjudicate Gilchrist's claims against Dr. Frenz. . . ."

¶10. I write further to express my view of the necessary language which must be included in order to properly certify a case under Rule 54(b) and to further demonstrate that Dr. Veach's claim is indeed notably separate from Dr. Frenz's but is overwhelmingly the proper subject for a Rule 54(b) motion. The fact that Gilchrist's action against Dr. Frenz remains valid and pending in the lower court need not be of concern to this Court. That claim is clearly separate from the one at bar. There will frequently be cases which will mandate that certain separable claims and or parties be dismissed from litigation, yet others will not be dismissed. In fact, the very purpose of Rule 54(b) in allowing for such procedure is far more likely to arise in complex, multiparty, multi-issue claims. This Court, in *Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 512 So. 2d 897, 900 (Miss. 1987) clearly delineated this purpose by stating, "In complex litigation involving multiple claims or multiple parties, or both, Rule 54(b) is helpful because it allows judges to efficiently and fairly resolve separable claims before protracted litigation is finally resolved." *Id.*

¶11. Here, without question, the lower court's order did not contain the necessary language which would properly certify this order as a Rule 54(b) certification and thus a final judgment per the rule. Although this has long been this Court's requirement it appears that the bench and bar often fails to grasp the specific language which must be in the lower court's order to meet certification. Here, a simple sentence would have sufficed: "Pursuant to Miss. R. Civ. P. 54(b), the court expressly determines that there is no just reason for delay in entering final judgment as to Dr. Chele Ann Veach, who according to the ten-factor test to be utilized under *Richardson v. APAC-Miss., Inc.*, 631 So. 2d 143, 148 (Miss. 1994), is clearly an employee of the hospital rather than an independent contractor, and the clerk of this court is directed to enter this order as a final judgment as to Dr. Chele Ann Veach."

¶12. The central issue to be considered in determining whether an individual is an employee or an independent contractor is whether the employer has the right to exercise control over the work of the employee. *Mississippi Employment Sec. Commission v. Plumbing Wholesale Co.*, 219 Miss. 724, 732, 69 So. 2d 814, 818 (1954). In *Richardson v. APAC-Miss., Inc.*, 631 So. 2d 143, 148 (Miss. 1994), this Court set forth a ten-factor test to be utilized in determining the issue at hand. The factors are not exclusive, and no one factor is conclusive. In light of the relevant facts, the application of the *Richardson* factors leads to the inevitable conclusion that there is no issue of fact as to whether Dr. Veach

is an employee:

1. <u>Whether the master has the power to terminate the contract at will</u>. As expressly stated in the contract, the hospital has the power to terminate Dr. Veach's contract at will, with or without cause.

2. <u>Whether he has the power to fix the price in payment for the work, or vitally controls the manner and time of payment</u>. Dr. Veach is paid a straight salary. The hospital is responsible for all billing and collection, and retains 100% of all remittances.

3. <u>Whether he furnishes the means and appliances for the work</u>. Rankin County owned the hospital at the time the cause of action arose. The hospital owns, maintains and provides all equipment utilized by Dr. Veach. The hospital supplies office space to Dr. Veach.

4. <u>Whether he has control of the premises</u>. Again, the hospital was owned by Rankin County. Dr. Veach has no ownership interest in or control over the hospital premises.

5. <u>Whether he furnishes the materials upon which the work is done and receives the output thereof, the contractor dealing with no other person in respect to the output</u>. Again, the hospital owns, maintains, and provides all equipment utilized by Dr. Veach. The hospital determines which patients Dr. Veach sees and which surgeries Dr. Veach attends. The hospital collects all remittances and retains all remittances. Dr. Veach is prohibited from providing services to any other hospital.

6. <u>Whether he has the right to prescribe and furnish the details of the kind and character of the work to be done</u>. The hospital controls which patients Dr. Veach sees and which surgeries she attends. It can hardly be said, however, or even required under *Richardson*, that the hospital controls the precise details and manner in which Dr. Veach performs her duties as an anesthesiologist as she is bound to exercise her own professional judgment under the contract and under medical ethics.

7. <u>Whether he has the right to supervise and inspect the work during the course of the employment</u>. No facts implicate this factor.

8. <u>Whether he has the right to direct the details of the manner in which the work is to be done</u>. Again, the hospital controls the patients seen by Dr. Veach and the surgeries attended by her. By contract and under the cannons of medical ethics, the hospital cannot control Dr. Veach's exercise of medical judgment.

9. <u>Whether he has the right to employ and discharge the sub-employees and to fix their compensation</u>. The hospital has the right to hire and fire those with whom Dr. Veach works. No facts indicate the compensation of co-employees.

10. <u>Whether he is obliged to pay the wages of said employees</u>. Again, by contract, the hospital is obliged to pay Dr. Veach a straight salary. As to the compensation of co-employees, no facts are presented by the parties to determine such. Thus examination and analysis or all ten factors clearly results in a finding that Dr. Veach is an employee of the hospital.

¶13. Again, Gilchrist cites to the provision quoted above which refers to Dr. Veach as an independent contractor. Even though the provision argued by the plaintiff seemingly conflicts with the parties' description of their relationship in the same contract, this does not necessarily create an issue of fact upon which

summary judgment should be denied. This is but a "label" placed upon Dr. Veach. Notably, an examination of what the parties term their relationship is not required under the ten factors of *Richardson*. Required under the *Richardson* test is an examination of the rights and obligations of the parties under the employment agreement and the actual conduct of the parties. As discussed above, such an examination leads unmistakenly to the conclusion that there is no issue of material fact as to whether Dr. Veach is an employee of the Rankin County Medical Center.

¶14. Furthermore, Mississippi case law supports the trial court's finding. In *Hardy v. Brantley*, 471 So. 2d 358 (Miss. 1985), this Court held that a hospital operating an emergency room may be held vicariously liable under the doctrine of respondeat superior for the conduct of emergency room physicians retained by the hospital. It should be noted that the holding in *Hardy* did not rest squarely on a determination that the defendant physician was an employee rather than an independent contractor, but rather rested on the agency theory of imputed reliance. Nevertheless, the rationale of *Hardy* is applicable to the case at hand.

¶15. The defendant physician in *Hardy* was a member of an emergency medicine group. The group contracted with Hinds General Hospital to provide 24-hour emergency room coverage. The contract explicitly stated that the group was an independent contractor. The hospital exercised no control over the services provided by the group. The hospital was responsible for all billings and collections on behalf of the group, and paid the group 20% of all remittances. The group was charged with carrying insurance at its own expense. Nevertheless, this Court held that, regardless of the nature of the employment contract, the hospital could be held vicariously liable because it had held the emergency services out as a service of the hospital. The Court stated, "[U]nless there is some reason for a patient to believe that the treating physician in a hospital is an independent contractor, it is natural for him to assume that he can rely upon the reputation of the hospital as opposed to any doctor...." *Hardy*, 471 So. 2d at 370. The Court explained that a patient entering the emergency room seldom knows the name of the physician who will treat him. *Id.* Notably, the Court continued, "[A] patient's non-selection of his physician is often the rule in the case of anesthesiologists, radiologists and particularly emergency room physicians." *Id.* at 371 (emphasis added).

¶16. In the case at hand, Dr. Veach performed a service inherent to the function of the hospital. The hospital controlled which patients Dr. Veach attended, and Dr. Veach saw no patients outside those assigned to her by the hospital. There is no evidence that Gilchrist requested the services of Dr. Veach. Of course, to apply the rationale of *Hardy* to the case at hand would deny the patient relief rather than grant the patient relief as was the result in *Hardy*.

¶17. Even so, the trial court's grant of summary judgment should be affirmed as Dr. Veach is clearly an employee of Rankin County Medical Center. In *Hardy*, this Court cited with approval the rationale of *Beeck v. Tucson General Hosp.*, 500 P.2d 1153 (Ariz.Ct.App. 1972). *Beeck* involved a medical malpractice action against a hospital for injuries sustained by a patient during an X-ray performed by a radiologist employed by the hospital. The trial court granted summary judgment in favor of the hospital, finding that the radiologist was an independent contractor. The Arizona Court of Appeals reversed and held that an employee-employer relationship existed between the radiologist and the hospital. Facts pertinent to the court's rationale exist in the case at hand as well. Those facts were as follows. According to the radiologist's contract with the hospital, the radiologist agreed not to engage in services outside the hospital. The radiologist was to provide his own malpractice insurance. The hospital and the radiologist reserved the right to terminate the agreement. The hospital owned the equipment, bought the supplies and provided the technicians who assisted the radiologists. The hospital chose the patients with whom the radiologist worked.

Working hours and billing were controlled by the hospital. The court also stated that the radiologist was hired to perform an inherent function of the hospital, without which the hospital could not properly achieve its purpose. Each of the above facts present in **Beeck** exist in the case at hand, and this Court should likewise hold that an employer-employee relationship clearly exists.

¶18. The case at bar is distinguishable from **Russell v. Orr**, 700 So. 2d 619 (Miss. 1997), which involved a medical malpractice action against a physician and hospital. The plaintiff appealed from a grant of summary judgment in favor of the physician and hospital. This Court concluded that there were genuine issues of material fact regarding the employment status of the physician and reversed the trial court's grant of summary judgment. The defendant physician claimed that he was an employee because the hospital had the right to terminate his employment, control his work schedule, and set pay at an hourly wage. The plaintiff pointed to the contract, which stated that the relationship between the hospital and physician group with which the defendant practiced was one of contractor and sub-contractor, rather than one of employer and employee. The section of the contract defining the relationship of the parties went into extensive detail as to prohibitions on the group from taking any actions which might indicate to the public that the group's physicians were employees of the hospital and took great pains to state that the group's physicians were not employees of the hospital.

¶19. The case at hand is distinguishable from **Orr** in that the section of the contract defining the parties' relationship states that Dr. Veach is an employee of the hospital. The only mention of Dr. Veach's status as independent contractor is found in the subsection labeled "Obligations of Anesthesiologist, Administration." Furthermore, the facts of the case at hand which show that Dr. Veach is an employee of the hospital include all those argued by the defendants in **Orr** plus many other facts as well. As this Court stated in **Owens v. Thomae**, No. 98-CA-00237-SCT, 1999 WL 682075, at *5 (Miss. Sept. 2, 1999), courts are not confined to what the parties term their relationship in the contract, but may look as well to the conduct of the parties. *See also* **Branning v. Hinds Community College District**, 743 So. 2d. 311, 317-18 (Miss. 1999).

¶20. The case at hand is also distinguishable from **Trapp v. Cayson**, 471 So. 2d 375 (Miss. 1985). **Trapp** involved a medical malpractice action against a radiologist who performed a procedure from which the plaintiff's paralysis resulted and the hospital where the procedure was performed. This Court rejected the plaintiff's argument that the radiologist was an employee of the hospital, citing the following facts as its rationale. The radiologist had no contract with the hospital. The radiologist maintained a private office outside the hospital. The only control exercised by the hospital over the radiologists was through the credentialing process. The hospital did not select the radiologist for the patient. The radiologists set their own schedule. The radiologists handled their own billing, and the hospital did not pay the radiologists a salary. This Court distinguished **Trapp** from **Hardy**, and held that the radiologist was not an employee of the hospital.

¶21. The case at hand is factually distinguishable from **Trapp** in that Dr. Veach had a contract with the hospital, the hospital selected her patients and set her schedule, paid her a salary, and prohibited her from providing services outside the hospital. This Court stated in **Starcher v. Byrne**, 687 So. 2d 737, 741 (Miss. 1997): "It would appear that in general, doctors are the general employees or the independent contractors of any hospital where they have staff privileges. Since they may have staff privileges at several hospitals at once, they are most likely independent contractors." It would seem that the converse is true as well -- that is, where a physician is prohibited by the contracting hospital from providing services at any

other hospital, the argument that the physician is an employee rather than an independent contractor is even more compelling.

¶22. The lack of the necessary Rule 54(b) certification language is most unfortunate here, because in my view, the basis for the lower court's grant of summary judgment was clearly established by the record. Dr. Veach, in fact, met all ten factors as established in *Richardson*. On remand, the same motion will simply again be presented to the lower court, and if the lower court grants summary judgment and includes the necessary language within the order properly certifying the judgment per Rule 54(b), this Court would have no choice but to agree that Dr. Veach should be dismissed from this litigation because she is clearly an employee of the hospital rather than an independent contractor.

¶23. I concur in part and dissent in part.

## COBB, J., JOINS THIS OPINION IN PART.