CARLTON, J.,
for the Court.
¶ 1. This is a consolidated appeal from two orders of the Jones County Circuit Court granting summary judgment to the Appellees,[1] finding no issue of fact as to any of the Appellants’ claims and finding Southern Healthcare Services, Inc. (Southern) responsible for reimbursement of $701,153.54 in defense and settlement costs advanced by the Appellees. On appeal, the Appellants [2] argue that issues of material fact exist as to their claims against the Appellees asserting claims for breach of contract, tortious breach of contract, fraud, and breach of the duty of good faith and fair dealing. The Appellants sought compensation for their damages, punitive damages, and attorneys’ fees. In support of their claims for breach of contract, the Appellants also argue that the contract is ambiguous and should, therefore, be construed in their favor. The Appellants’ complaint also named Fox-Everett as a defendant. The complaint alleged Fox-Everett received a commission for selling the insurance and acted as the exclusive agent for the Appellants. The record reflects that the Appellants asserted that the Appellees should be bound by the contract as represented to the Appellants by Fox-Everett. The claims against Fox-Everett include breach of contract, breach of fiduciary duty, negligent misrepresentation, and gross negligence, all related to the deductible amounts specified in the insurance policy. The complaint alleged Fox-Everett was paid a commission for selling the policy at issue. Fox-Everett was not a party to the motions for summary judgment and is not a part of the present appeals.
¶ 2. When granting summary judgment to the Appellees and granting certification of the judgment under Rule 54(b) of the Mississippi Rules of Civil Procedure, the trial court did not dispose of the Appellants’ claims against Fox-Everett regarding the deductible amount. Therefore, the claims against Fox-Everett are not part of the present appeals. Any award of damages is at least in part predicated upon the deductible amount and the resolution of the claims against Fox-Everett. Therefore, we dismiss the appeal as improperly certified under Rule 54(b).
FACTS
¶ 8. Daleson and Medforce were limited liability companies that operated skilled long-term care facilities in Ellisville, Mississippi and Byram, Mississippi. Southern managed both Daleson and Medforce. The Appellants were insured against tort liability by Underwriters. Caronia is Underwriters’ third-party administrator.
¶ 4. The Appellants purchased a professional and general liability insurance policy from Underwriters in October 2002, and Fox-Everett received a commission for selling the policy. They renewed the policy in October 2003, with a $360,100 premi *86 um. The policy provided for a $250,000 per claim deductible for professional liability claims made under the policy. Southern is the First Named Insured under the policy, and the policy states that the First Named Insured is responsible for payment of the deductible. Although the policy consists of a policy for general liability and also a policy for healthcare professional liability, the parties agree that the claims, which led to the present causes of action, pertain only to the healthcare professional liability portion of the policy.
¶ 5. While covered by the policy, the Appellants were the subject of five tort lawsuits,[3] of which they promptly informed the Appellees, as required by the terms of the policy. The lawsuits were filed in late 2003 and 2004. Underwriters, through its third-party administrator, Caronia, sent reservation-of-rights letters to the Appellants relative to each of the five tort suits. The letters acknowledged receipt of the claims and reserved Underwriters’ rights under the policy to indemnify the Appellants only for those claims covered by the policy. The reservation-of-rights letters also contained the following language:
As you are aware, Southern Healthcare Services, Inc., d/b/a Jones County Rest Home[4] has a $250,000 deductible for each and every Professional Liability claim. Therefore, the first $250,000 of indemnity and/or claims related expenses will be paid directly by Southern Healthcare Services, Inc., d/b/a/ Jones County Rest Home.
Further, each of the reservation-of-rights letters informed the Appellants that Caro-nia had retained the law firm of Currie, Johnson, Griffin, Gaines & Myers to represent the Appellants in the causes of action. Caronia sent the letters directly to the nursing homes, rather than to Southern, the First Named Insured. The reservation-of-rights letters are not part of the insurance policy. The Appellants initially paid them attorneys directly;[5] however, when the dispute arose over the deductible amount specified in the policy, the Appellants stopped paying their attorneys’ fees.
¶ 6. The Appellants assert that the Ap-pellees breached their contractual duty to defend by the delay in providing a defense, and the Appellants argue that they were unable to pay the deductible amounts to provide for their defense. According to the Appellants, they could not afford to continue paying Currie, Johnson, Griffin, Gaines & Myers directly, and their attorneys, retained by the Appellees, advised them to file bankruptcy. Daleson and Medforce filed for bankruptcy protection on January 10, 2005. Currie, Johnson, Griffin, Gaines & Myers continued to represent the Appellants until February 2006, when they withdrew from representation because neither the Appellants nor the Appellees had paid their fees.
¶ 7. Then, in August 2006, approximately two years after the lawsuits were filed against the Appellants, the Appellants filed a complaint against the Appellees alleging breach of contract, tortious breach of con *87 tract, fraud, and breach of the duty of good faith and fair dealing. After the Appellants filed their complaint, the Appel-lees settled all five tort suits on behalf of the Appellants during the months between December 2006 to August 2007. An affidavit in the record from an attorney for Underwriters indicates that the Appellees used the services of Currie, Johnson, Griffin, Gaines & Myers for resolution of the suits. Importantly, the record indicates no adverse judgment or ruling against the Appellants from the time the underlying tort suits were originally filed until them settlement.
¶ 8. After settling the five tort suits, the Appellees demanded repayment of the settlement amounts that fell within the deductible amounts specified in the insurance policy.[6] In furtherance of their effort to collect the deductible amounts, the Appel-lees filed a counterclaim against Southern seeking recovery of the deductibles from the Appellants for the funds expended in settlement of the tort claims.
¶ 9. The Appellees sought summary judgment on both the Appellants’ breach of contract claims and on their own claims to recover the deductible. Finding that the Appellees performed their duties under the contract and no dispute of material fact existed, the circuit court granted the Appellees’ motions for summary judgment, dismissing the Appellants’ breach-of-contract claims and ordering Southern to reimburse the Appellees $701,153.54 in defense costs, expenses, and settlements advanced within the per-claim deductible.
¶ 10. On appeal, the Appellants allege the following errors: (1) the circuit court erred in finding that the Appellees performed their duties under the policy; thus, genuine issues of material fact existed for trial; (2) the circuit court erred in awarding damages to the Appellees because the Appellees’ breach of contract relieved Southern from any obligation to reimburse the Appellees, or, in the alternative, that the circuit court erred in not allowing Southern any off-set for its own damages; and (3) the circuit court erred in finding that the contract was unambiguous and in failing to construe the contract against the Appellees.
¶ 11. The circuit judge stated in his final judgment on both the original complaint and the counterclaim that there was “no just reason for delay” and that his orders should be considered final for the purposes of Rule '54(b) of the Mississippi Rules of Civil Procedure. Rule 54(b) provides the following:
(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at- any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
*88 ¶ 12. The Mississippi Supreme Court has held that Rule 54(b) certification should be granted only in cases where delaying an appeal would result in prejudice to a party, and it should not be granted routinely. Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 900 (Miss.1987). The supreme court stated the following regarding improper certification under Rule 54(b):
Trial courts are, of course, aware of the load this Court carries in deciding the cases we properly have on appeal. Trial attorneys and litigants are painfully aware of the time it takes to conclude a case on appeal. The last thing the judicial system in this state needs is to send this Court improper or unnecessary appeals. It is incumbent on trial attorneys and trial judges to recognize that Rule 54(b) judgments must be reserved for rare and special occasions.... When there is a judgment dismissing one count of a complaint or counterclaim, a Rule 54(b) finality should never even be considered by the trial court unless the remainder of the case is going to be inordinately delayed, and it would be especially inequitable to require a party to wait until the entire case is tried before permitting him to appeal.

Id.

¶ 13. Further, the Cox Court stated that appellate courts will “look with disfavor” on judgments entered pursuant to Rule 54(b) which fail to specify the reason for granting the judgment. The Cox Court stated, “Indeed, unless the reason the judgment was granted is clear from the record, we will not search for a justification, but will vacate the appeal.” Id. at 901. Though neither the Appellants nor the Appellees raised the issue before this Court that the trial court improperly certified the judgment under Rule 54(b), the appellate court may vacate the appeal on its own motion at any time after the notice of appeal is filed where the court finds plain error. Id.
¶ 14. As previously stated herein, any award of damages in favor of the Appellees is predicated, at least in part, on the deductible amount specified in the policy. The issue of the Appellees’ damages is intertwined with the claims regarding the deductible amount against Fox-Everett, which are not yet before this Court. Therefore, we find the trial court improperly granted Rule 54(b) certification, and we dismiss the present appeal on both the original complaint and the counterclaim.
¶ 15. THE APPEAL IS DISMISSED, AND THIS CAUSE IS REMANDED TO THE TRIAL DOCKET OF THE CIRCUIT COURT OF JONES COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING AND ISHEE, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BARNES, ROBERTS AND MAXWELL, JJ.

. For the sake of clarity, Lloyd's of London, Certain Underwriters at Lloyd's, London (Underwriters) and Caronia Corporation (Caro-nia) may be referred to collectively as the Appellees.

. When necessary, we may also refer to Southern, Medforce Management, LLC d/b/a Willow Creek Retirement Center (Medforce) and Daleson Enterprises, LLC d/b/a/ Jones County Rest Home (Daleson) as the Appellants.

. Three of the lawsuits pertained to allegations against Daleson, and the other two against Medforce. Southern was specifically named in three of the five lawsuits.

. Each of the reservation-of-rights letters contained the language quoted above; however, each noted the appropriate nursing home, i.e.. Willow Creek Retirement Center or Jones County Rest Home. (Footnote added).

.Neither the Appellants nor the Appellees specified the amount of the payments the Appellants actually made directly to their attorneys. However, the Appellees state in their brief that the Appellants paid at least $1,350 directly to their attorneys relative to the defense of one of the tort suits.

. The Appellees settled four of the five tort claims within the deductible amounts. Only one of die setdement payments exceeded the $250,000 deductible.