*999
 
 MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Grover Miller (“Miller”) died from injuries allegedly resulting from his exposure to silica and silica dust where he was employed. The personal representative of Miller’s estate, Geraldstine Miller (“Ger-aldstine”), filed suit on behalf of the wrongful-death beneficiaries against numerous defendants alleging various causes of action. Of these defendants, Continental Mineral Processing, Engelhard Corporation, and Mearl Corporation moved for summary judgment, arguing the claims against them were barred by the statute of limitations. The circuit court agreed and granted partial summary judgment. On appeal, Geraldstine argues the circuit court erred in refusing to apply the relation-back doctrine to preserve her claims against Continental, Engelhard, and Mearl.
 

 ¶ 2. Because the circuit court’s judgment did not adjudicate the claims against all defendants, and there has been no attempt to comply with the requirements of Mississippi Rule of Civil Procedure 54(b), we find the circuit court’s order is interlocutory and non-appealable. Therefore, we do not reach the merits of Geraldstine’s claim and must dismiss her appeal for lack of jurisdiction.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 ¶ 3. From 1993 to 1996, Miller was employed by Cataphote, Inc. in Flowood, Mississippi. Cataphote produced glass beads. The manufacturing process of the beads allegedly involved releasing silica and other toxic substances into the air.
 

 ¶ 4. On March 16, 2001, Miller filed an affidavit in a separate workers’ compensation case. In the affidavit, Miller stated he knew he had been exposed to chemicals in his workplace, which he claimed caused his injuries. The appellees contend the three-year statute of limitations began to run from the date of this affidavit and later expired on March 16, 2004.
 

 ¶ 5. Miller died on October 21, 2002. The personal representative of his estate filed a lawsuit on behalf of the wrongful-death beneficiaries on December 30, 2002. The lawsuit named 159 corporations as defendants and an unidentified number of John Doe defendants. The lawsuit set forth various theories of recovery — including negligence, products liability, and fraudulent misrepresentation.
 

 ¶ 6. On July 19, 2005, the personal representative filed her second amended complaint. This amended complaint named 108 corporate defendants, and still included • an unspecified number of John Doe defendants. Numerous defendants from the original action were not named in the amended complaint. These defendants were later dismissed from the case without prejudice. Geraldstine named approximately fifty defendants for the first time in the second amended complaint.
 
 [1]
 
 Of these recently included defendants, Continental, Engelhard, Mearl, and several others moved for summary judgment. The companies argued the claims against them did not relate back to the filing of the original complaint and were thus barred by the statute of limitations.
 

 ¶ 7. After conducting a hearing, the circuit court found the relation-back doctrine inapplicable and granted summary judgment as to these defendants. The circuit court did not enter a Rule 54(b) certification.
 

 DISCUSSION
 

 ¶ 8. Though neither party has addressed the appealability of the circuit court’s or
 
 *1000
 
 der, we must do so on our own initiative.
 
 Williams v. Delta Reg’l Med. Ctr.,
 
 740 So.2d 284, 285 (¶ 5) (Miss.1999). “Where a summary judgment dismisses some of the parties to a lawsuit, but not all of the parties, Rule 54(b) of the Mississippi Rules of Civil Procedure governs.”
 
 Myatt v. Peco Foods of Miss., Inc.,
 
 22 So.3d 334, 336 (¶ 4) (Miss.Ct.App.2009) (quoting
 
 Fairley v. George County,
 
 800 So.2d 1159, 1161 (¶ 4) (Miss.2001)). Rule 54(b) provides:
 

 Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights, and liabilities of all the parties.
 

 The official comment to Rule 54(b) explains the purpose of Rule 54(b) in civil litigation involving multiple parties or claims:
 

 Rule 54(b) is designed to facilitate the entry of judgments upon one or more but fewer than all the claims or as to one or more but fewer than all the parties in an action involving more than one claim or party. It was proposed because of the potential scope and complexity of civil actions under these rules, given their extensive provisions for the liberal joinder of claims and parties. The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.
 

 Rule 54(b) does not require the trial court to enter a judgment when it disposes of one or more of the claims in the lawsuit or terminates the action against one or more of the parties. M.R.C.P. 54(b) cmt. Rather, the rule “gives the [trial] court discretion to enter a final judgment in these circumstances[,] and it provides much needed certainty in determining when a final and appealable judgment has been entered.”
 
 Id.
 
 When the trial court exercises its discretion to enter such a final order, “it must do so in a definite, unmistakable manner.”
 
 Id.
 

 ¶ 9. Absent a Rule 54(b) certification, an order granting partial summary judgment is interlocutory.
 
 Williams,
 
 740 So.2d at 285 (¶¶ 7-8).
 
 See also
 
 M.R.C.P. 54(b) cmt. Such an order is not appealable unless the supreme court grants permission to appeal from an interlocutory order pursuant to Mississippi Rule of Appellate Procedure 5.
 
 See Lloyd G. Oliphant & Sons Paint Co. v. Logan,
 
 12 So.3d 614, 617 (¶9) (Miss.Ct.App.2009). In the present case, no permission was sought or granted.
 

 ¶ 10. The circuit court’s order granted summary judgment to far less than all defendants. But the court did not expressly determine there was no just reason for delay and did not expressly direct the entry of a final judgment as to some of the defendants.
 
 See
 
 M.R.C.P. 54(b). Therefore, the circuit court never entered a final, appealable order.
 

 ¶ 11. Bearing in mind that these same issues will likely arise again in this same
 
 *1001
 
 matter, we note our supreme court has advised that “[i]t is incumbent on trial attorneys and trial judges to recognize that Rule 54(b) judgments must be reserved for rare and special occasions.”
 
 Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.,
 
 512 So.2d 897, 900 (Miss.1987). In addition, the trial court’s use of the operative language from Rule 54(b) does not ensure that the dictates of Rule 54(b) have been met.
 
 See Myatt,
 
 22 So.3d at 338-40 (¶¶ 9-13) (dismissing appeal notwithstanding trial court’s finding of “no just reason for delay”). We have instructed trial judges on the impropriety of granting a Rule 54(b) judgment where it would result in piecemeal litigation or multiple appeals of the same issue.
 
 Reeves Constr. & Supply, Inc. v. Corrigan,
 
 24 So.3d 1077, 1083 (¶¶ 16-17) (Miss.Ct.App.2010). A Rule 54(b) judgment should only be granted when “the remainder of the ease is going to be inordinately delayed, and it would be especially inequitable to require a party to wait until the entire case is tried before permitting him to appeal.”
 
 Cox,
 
 512 So.2d at 900. The supreme court has urged trial courts to make specific findings in granting a Rule 54(b) judgment.
 
 Id.
 
 at 900-01.
 

 ¶ 12. Here, under the plain language of Rule 54(b), the circuit court’s order is not a final, appealable judgment. Thus, we must dismiss this appeal due to our lack of jurisdiction.
 

 ¶ 13. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE And MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.
 

 [1]
 

 . Subsequently, Geraldstine filed a third amended complaint naming 54 defendants and unidentified number of John Doe defendants.