MAXWELL, J.,
for the Court:
¶ 1. Under Rule 54(b) of the Mississippi Rules of Civil Procedure, a summary-judgment order that disposes less than all claims or parties is interlocutory, absent the trial court’s express determination *1131 there is not reason for delay and explicit direction to enter a final judgment. Carolyn Anderson appeals the grant of summary judgment in favor of Britton & Koontz Bank, N.A. and Britton & Koontz Capital Corporation (collectively B & K Bank). Anderson had sued two defendants, B & K Bank and E.A. Redd Pest Control, Inc. (Redd Pest Control), but the summary-judgment order only disposed of the claims against B & K Bank. Because the circuit court did not certify under Rule 54(b) that the summary-judgment order was final, the order is interlocutory. Therefore, we must dismiss Anderson’s appeal for lack of a final, appealable order.
PROCEDURAL HISTORY
¶2. Anderson sued B & K Bank and Erma Redd (Redd) for wrongfully disposing of her personal property.[1] Anderson had rented an office in a building owned by Redd Pest Control. On October 4, 2007, B & K Bank foreclosed on the building. By the end of October, Redd had notified Anderson of the foreclosure and the need to remove her property. Because Anderson had not finished moving by November 22, B & K Bank, believing Anderson had abandoned the remaining personal property, took it to a local dump.
¶ 3. Anderson served both B & K Bank and Redd with process. B & K Bank immediately answered. But Redd moved that she be substituted as a defendant by Redd Pest Control because the company, and not her individually, had leased the office to Anderson. The circuit court granted Redd’s motion, and Redd Pest Control filed an answer.
¶4. B & K Bank moved for summary judgment on all of Anderson’s claims. Redd Pest Control neither joined this motion nor independently moved for summary judgment. On October 1, 2009, the circuit court ruled on B & K Bank’s motion, granting summary judgment in its favor on all claims. On November 2, 2009, Anderson filed a notice of appeal, stating she was appealing the order in favor of both B & K Bank and Redd. On November 9, 2009, the circuit court entered an order clarifying that the October 1 order granted summary judgment to B & K Bank only. Anderson moved forward with her appeal, without requesting any certification from the circuit court about the finality of the October 1 summary-judgment order.
DISCUSSION
¶ 5. Because neither party considered the threshold issue of appellate jurisdiction, we must address on our own initiative whether the summary-judgment order is final and appealable. Miller v. Cont’l Mineral Processing, 39 So.3d 998, 1000-01 (¶ 8) (Miss.Ct.App.2010) (citing Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)). In doing so, we find the summary-judgment order was not a final, appealable judgment.
¶ 6. Rule 54(b) instructs:
[Wjhen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabili *1132 ties of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
M.R.C.P. 54(b) (emphasis added). The comment to Rule 54(b) explains:
The rule does not require that a judgment be entered when the court disposes of one or more claims or terminates the action as to one or more parties. Rather, it gives the court discretion to enter a final judgment in these circumstances and it provides much needed certainty in determining when a final and appealable judgment has been entered. If the court chooses to enter such a final order, it must do so in a definite, unmistakable manner.
M.R.C.P. 54(b) cmt. (emphasis added).
¶ 7. When an order does not dispose of all the parties, “Rule 54(b) requires [the court] to take two separate steps before an appeal can be perfected.” Id. First, the court must expressly determine there is no just reason for delay. Id. And, second, it must expressly direct the entry of judgment. Id. Both the official comment and our courts refer to this two-step process as “certification.” Id. See, e.g., Ind. Lumbermen’s Mut. Ins. Co. v. Curtis Mathes Mfg. Co., 456 So.2d 750, 753 (Miss.1984).
¶ 8. Although a court may issue a specific Rule 54(b) order, certification does not require a separate order. Ind. Lumbermen’s, 456 So.2d at 753. A trial court may certify the finality of its order by including in the order “an expressed determination that there is no just reason for delay” and “an expressed direction for the entry of the judgment.” Id. (quoting M.R.C.P. 54(b)). In Indiana Lumbermen’s, the order granting one of the defendant’s motion to dismiss sufficiently certified its finality. It expressly stated the defendant was “entitled to be finally dismissed, and ... that there is not just reason for delay” and cited Rule 54(b) as the basis for the order being final. Id. at 752.
¶ 9. Here, because the record contains no separate certification order, we look to both the order granting summary judgment and the later clarification order for certification. We find no language in either order that demonstrates the circuit court made “an expressed determination that there is no just reason for delay” and “an expressed direction for the entry of the judgment.” M.R.C.P. 54(b). In contrast to the Indiana Lumbermen’s dismissal order, all the October 1 summary-judgment order determined was that Anderson had “failed to provide any evidence that would create a genuine issue of material fact” and that “[s]ummary judgment is hereby granted as to all issues to the Defendant.” The November 9 clarification order merely drew attention to the fact the summary-judgment order applied to B & K Bank only, directing the clerk to forward the clarification order to both parties but not to enter a final judgment.
¶ 10. Without a Rule 54(b) certification, the order granting summary judgment to only one of the two defendants is interlocutory. M.R.C.P. 54(b) cmt. (clarifying an order is interlocutory if not certified, “even if it appears to adjudicate a separable portion of the controversy”). An interlocutory order is only appealable if the Mississippi Supreme Court grants permission under Rule 5 of the Mississippi Rules of Appellate Procedure. Miller, 39 So.3d at 1000(9) (citing Lloyd G. Oliphant & Sons Paint Co. v. Logan, 12 So.3d 614, 617(9) (Miss.Ct.App.2009)). Because Anderson neither sought nor was afforded permission under Appellate Rule 5 to proceed with an interlocutory appeal, we must dis *1133 miss this appeal for- lack of jurisdiction. Id.
¶ 11. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Anderson also named John Does 1-5 as defendants, alleging other unknown individuals were also liable for the wrongful removal of her property. The record indicates Anderson never identified any other defendants or served anyone else with process, making B & K Bank and Redd the only defendants in this matter.