RUSSELL, J.,
dissenting:
¶ 32. I respectfully dissent because I would find that the circuit court’s judgment was not a final, appealable judgment under Mississippi Rule of Civil Procedure 54(b). Therefore, the appeal should be dismissed for lack of jurisdiction.
¶ 33. Although neither party raised the issue of appellate jurisdiction, “we must address on our own initiative whether the summary-judgment order is final and ap-pealable.” Anderson v. Britton & Koontz Bank, N.A., 55 So.3d 1130, 1131 (¶ 5) (Miss.Ct.App.2011) (citing Miller v. Cont’l Mineral Processing, 39 So.3d 998, 1000-01 (¶ 8) (Miss.Ct.App.2010)). Because this case involved multiple parties and claims in the circuit court, we look to Rule 54(b), which provides as follows:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
M.R.C.P. 54(b) (emphasis added). The comment to Rule 54 explains the court must “take two separate steps before an appeal can be perfected. The court must make ‘an express determination that there is no just reason for delay[,]’ and it must make ‘an express direction for the entry of judgment.’ ” M.R.C.P. 54 cmt. (emphasis added). This two-step process is known as “certification.” Anderson, 55 So.3d at 1132 (¶ 7) (citing Ind. Lumbermen’s Mut. Ins. Co. v. Curtis Mathes Mfg. Co., 456 So.2d 750, 753 (Miss.1984)). Absent such certification, “any order in a multiple[-]party or multiple[-]claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory.” M.R.C.P. 54 cmt. Therefore, if a court determines to enter a final and appealable judgment, “it must do so in a definite and unmistakable manner.” M.R.C.P. 54 cmt. (emphasis added).
¶ 34. “Although a court may issue a specific Rule 54(b) order, certification does not require a separate order.” Anderson, 55 So.3d at 1132 (¶ 8) (citing Ind. Lumbermen’s, 456 So.2d at 753). That is, “[a] trial court may certify the finality of its order by including in the order ‘an expressed determination that there is no just reason for delay1 and ‘an expressed direction for the entry of the judgment.’ ” Id. In a 2006 decision, a chancery court’s order contained a discussion of the appeal, but “it [did] not use the specific and express language required by [Rule] 54(b).” M.W.F. v. D.D.F., 926 So.2d 897, 900 (¶ 5) (Miss.2006) (emphasis added). Therefore, the Mississippi Supreme Court held that the order was not final and appealable because it was not stated as such in a definitive and unmistakable manner. Id.
¶ 35. Other cases have held that merely reciting the specific language of Rule 54(b) within a judgment does not, by itself, meet the requirements of the rule. See, e.g., Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 900 (Miss.1987) (noting that “the purely mechanical test of Rule 54(b) [was] met by a statement in the *197 judgment that there is no just reason for delay and the expressed direction that final judgment be entered,” but nothing in the case warranted a Rule 54(b) judgment; therefore, dismissal was proper); Reeves Constr. & Supply, Inc. v. Corrigan, 24 So.3d 1077, 1083 (¶ 14) (Miss.Ct.App.2010) (Although the judgment used the exact language of Rule 54(b), it was “unclear why there [was] no just reason for delay” and “unclear how the circuit court’s final judgment serve[d] the interests of efficient judicial administration”; therefore, dismissal was proper.); Miller, 39 So.3d at 1001 (¶ 11) (noting that “the trial court’s use of the operative language from Rule 54(b) does not ensure that the dictates of Rule 54(b) have been met”); Myatt v. Peco Foods of Miss., Inc., 22 So.3d 334, 339 (¶ 10) (Miss.Ct.App.2009) (Although the judgment used the exact language of Rule 54(b), the “failure [of] the trial court to include a reasoned explanation makes any review by this Court, as to whether there was an abuse of discretion in the entry of the Rule 54(b) judgment, merely speculative”; therefore, dismissal was proper.).
¶ 36. In Walters v. Walters, 956 So.2d 1050, 1054 (¶ 11) (Miss.Ct.App.2007), “the chancellor announced his intention to allow [a party] to appeal from the judgment ... pursuant to Rule 54(b) and directed that ... counsel prepare an order to that effect for the chancellor’s signature.” This Court noted “the chancellor expressly directed the entry of a final judgment, satisfying the first requirement^] [h]owever, the chancellor never determined that there was no just reason for delay.” Id. at 1054 (¶ 12). Therefore, we held that “[b]ecause the chancellor failed to make the requisite determination that there was no just reason for delay pursuant to Rule 54(b), the ... judgment was not a final, appealable order.” Id. (citing M.R.C.P. 54(b); M.W.F., 926 So.2d at 900 (¶ 5)). We concluded by stating: “If there is nothing about a case that merits a Rule 54(b) judgment, this Court will dismiss the appeal despite a trial court’s mechanical use of the ‘no just reason for delay’ language.” Id. at 1054 (¶ 13) (citing Cox, 512 So.2d at 900-01).
¶ 37. The supreme court has stated that the entry of a Rule 54(b) judgment “should be exercised cautiously in the interest of sound judicial administration in order to preserve the established judicial policy against piecemeal appeals in cases which should be reviewed only as single units.” Cox, 512 So.2d at 900 (citing Curtiss-Wright Corp. v. Gen. Elec. Corp., 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). Additionally, a Rule 54(b) judgment “should never even be considered by the trial court unless the remainder of the case is going to be inordinately delayed, and it would be especially inequitable to require a party to wait until the entire case is tried before permitting him to appeal.” Id. Further, “[a] [Rule] 54(b) certificate should be reserved for a case where a delay in the appeal might result in prejudice to a party” and to avoid injustice. Id. (quoting Page v. Gulf Oil Corp., 775 F.2d 1311, 1313 n. 2 (5th Cir.1985)). As such, “[i]t is incumbent on trial attorneys and trial judges to recognize that Rule 54(b) judgments must be reserved for rare and special occasions.” Id. “A 54(b) certificate is not, therefore, to be granted routinely.” Id.
¶ 38. Our supreme court has urged trial attorneys to “review Wright and Miller, Moore’s Federal Practice and [f]ederal case law before they propose a Rule 54(b) judgment to a trial court.” Id. “In turn, trial judges should require such research and preparation before they even consider the propriety of granting it.” Id. Importantly, our supreme court has declared:
While we will not require a trial court to set forth specific reasons and findings *198 prefatory to entering a Rule 54(b) judgment, we will look with disfavor on such judgment. Indeed, unless the reason the judgment was granted is clear from the record, we will not search for a justification, but will vacate the appeal.
Id. at 901.
¶ 39. Turning to the instant case, the circuit court entered a judgment granting Farm Bureau’s motion for summary judgment, which included findings of fact and conclusions of law. However, the circuit court failed to direct the entry of a final judgment or expressly determine that there was no just reason for delay within this first judgment. Subsequently, the circuit court entered an agreed final judgment, which reads:
AGREED FINAL JUDGMENT OF DISMISSAL AS TO THE DEFENDANT, MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY
CAME ON for consideration this day the Motion by the Defendant, MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY (hereinafter “Farm Bureau”), to amend the judgment previously entered on behalf of Farm Bureau on March 8, 2009, in order to reflect the dismissal of the case is final pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure, and the Court being duly advised in the premises, and further finding that counsel for Plaintiff has no objection to the granting of said motion regarding that the dismissal of this case is pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure.
IT IS THEREFORE ORDERED and ADJUDGED that this cause be and same is hereby dismissed pursuant to Rule 54(b) as to the Defendant, MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY!,] only.
¶ 40. It is apparent the circuit court directed the entry of a final judgment in the agreed final judgment, thus satisfying the first requirement of Rule 54(b). However, the circuit court never determined there was “no just reason for delay” as required under Rule 54(b). In fact, there is nothing in the record that would indicate the circuit court even considered this requirement. In accordance with Cox, “unless the reason the judgment was granted is clear from the record, we will not search for a justification, but will vacate the appeal.” Cox, 512 So.2d at 901. As such, I would find that the circuit court failed to determine expressly that there was no just reason for delay.
¶ 41. I have reviewed the cases from the United States Court of Appeals for the Fifth Circuit cited in the majority opinion. While those cases are well-reasoned and highly persuasive, the rule in the Fifth Circuit does not square with the precedent of our supreme court which, of course, this Court is bound to follow. Accordingly, I would dismiss this appeal for lack of jurisdiction.
IRVING, P.J., AND MYERS, J., JOIN THIS OPINION.